Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

2016 NOV 29 PM 2:42

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
ROCAEL ANTONIO CULAJAY, individually and on behalf of
all others similarly situated,

                        Plaintiff,

-against-

P.M.F. STEEL CORP., and HELDER CARDOSO and MARIA
G. MARTINS, as individuals,

                        Defendants.
-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiff, **ROCAEL ANTONIO CULAJAY, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **ROCAEL ANTONIO CULAJAY, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **P.M.F. STEEL CORP., and HELDER CARDOSO and MARIA G. MARTINS, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at P.M.F. STEEL CORP., located at 88 EAST MERRICK ROAD, FREEPORT, NEW YORK 11520.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ROCAEL ANTONIO CULAJAY residing at 590 FULTON AVENUE, HEMPSTEAD, NEW YORK 11550, was employed by Defendants at P.M.F. STEEL CORP. from in or around July 2012 until in or around May 2014.
9. Upon information and belief, Defendant, P.M.F. STEEL CORP., is a corporation organized under the laws of New York with a principal executive office at 590 FULTON AVENUE, HEMPSTEAD, NEW YORK 11550.
10. Upon information and belief, Defendant, P.M.F. STEEL CORP., is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant HELDER CARDOSO owns and/or operates P.M.F. STEEL CORP.,
12. Upon information and belief, Defendant HELDER CARDOSO is the Chairman of the Board of P.M.F. STEEL CORP.,
13. Upon information and belief, Defendant HELDER CARDOSO is the Chief Executive Officer of P.M.F. STEEL CORP.,
14. Upon information and belief, Defendant HELDER CARDOSO is an agent of P.M.F. STEEL CORP.,

15. Upon information and belief, Defendant HELDER CARDOSO has power over personnel decisions at P.M.F. STEEL CORP.,
16. Upon information and belief, Defendant HELDER CARDOSO has power over payroll decisions at P.M.F. STEEL CORP.,
17. Defendant HELDER CARDOSO has the power to hire and fire employees at P.M.F. STEEL CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
18. During all relevant times herein, Defendant HELDER CARDOSO was Plaintiff's employer within the meaning of the FLSA and NYLL.
19. Upon information and belief, Defendant MARIA G. MARTINS owns and/or operates P.M.F. STEEL CORP.,
20. Upon information and belief, Defendant MARIA G. MARTINS is the Chairman of the Board of P.M.F. STEEL CORP.,
21. Upon information and belief, Defendant MARIA G. MARTINS is the Chief Executive Officer of P.M.F. STEEL CORP.,
22. Upon information and belief, Defendant MARIA G. MARTINS is an agent of P.M.F. STEEL CORP.,
23. Upon information and belief, Defendant MARIA G. MARTINS has power over personnel decisions at P.M.F. STEEL CORP.,
24. Upon information and belief, Defendant MARIA G. MARTINS has power over payroll decisions at P.M.F. STEEL CORP.,
25. Defendant MARIA G. MARTINS has the power to hire and fire employees at P.M.F. STEEL CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
26. During all relevant times herein, Defendant MARIA G. MARTINS was Plaintiff's employer within the meaning of the FLSA and NYLL.
27. On information and belief, P.M.F. STEEL CORP. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for

commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

28. Plaintiff ROCAEL ANTONIO CULAJAY was employed by Defendants at P.M.F. STEEL CORP. from in or around July 2012 until in or around May 2014.

29. During Plaintiff ROCAEL ANTONIO CULAJAY'S employment by Defendants at P.M.F. STEEL CORP., Plaintiff's primary duties were as a construction worker, welder, and performing other miscellaneous duties from in or around July 2012 until in or around May 2014.

30. Plaintiff ROCAEL ANTONIO CULAJAY was paid by Defendants approximately $16.25 per hour from in our around July 2012 until in or around May 2014.

31. Although Plaintiff ROCAEL ANTONIO CULAJAY worked approximately forty-six (46) hours or more per week during his employment by Defendants from in or around July 2012 until in or around May 2014, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

33. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

34. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

36. Collective Class: All persons who are or have been employed by the Defendants as construction workers, welders, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
37. Upon information and belief, Defendants employed between 15 and 20 employees within the past three years subjected to similar payment structures.
38. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
39. Defendants' unlawful conduct has been widespread, repeated, and consistent.
40. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
41. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
43. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
44. The claims of Plaintiff are typical of the claims of the putative class.
45. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
46. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

49. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

52. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

56. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

60. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

61. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

62. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

63. Defendants are liable to Plaintiffs in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 22 day of November 2016.

_____
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROCAEL ANTONIO CULAJAY, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

P.M.F. STEEL CORP., and HELDER CARDOSO and MARIA G. MARTINS, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**P.M.F. STEEL CORP.**
**88 EAST MERRICK ROAD**
**FREEPORT, NY 11520**

**HELDER CARDOSO**
**88 EAST MERRICK ROAD**
**FREEPORT, NY 11520**

**MARIA G. MARTINS**
**88 EAST MERRICK ROAD**
**FREEPORT, NY 11520**