# Report and Recommendation Upon Referral of a Motion for Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number:  *Culajay v. P.M.F. Steel Corp. et al.,* **No. 16-CV-6597 (JS)(GRB)**

Having reviewed all of the moving papers, I hereby find as follows:

*Service of Process and Default*

X  The record reflects that proper service was made on defendants.  [DE 5- 7].
X  According to the record, no answer, motion or other appearance was filed on behalf of defendants.
X  The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a).  [DE 13].

*Liability*

Defendants' default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir.2004).   Nevertheless, the court is "required to determine whether the [plaintiff's] allegations establish [defendants'] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon an examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establish the defendants' liability on the following causes of action:

> First Cause of Action under the Fair Labor Standards Act ("FLSA") for  unpaid overtime compensation[1] and Second, Third and Fourth Cause of Action under the New York Labor Law ("NYLL") for  (i) unpaid

---

[1]The FLSA requires employers to pay overtime compensation for employees who work over forty hours per week, s*ee* 29 U.S.C. §§ 206(a), 207(a), and provides a right of action to recover unpaid  overtime compensation and liquidated damages from an employer who violates the Act's provisions, s*ee id.* § 216(b).  Similarly, the NYLL requires employers to pay a minimum hourly wage to employees and mandates an overtime compensation scheme.  *See* N.Y. Lab. Law § 650 et seq; *see also Gunawan v. Sake Sushi Rest.,* 897 F. Supp. 2d 76, 87 (E.D.N.Y. 2012) ("The NYLL mirrors the FLSA in most but not all respects").  As to overtime compensation, the FLSA and NYLL require employers to "compensate employees who work over forty hours per week with overtime pay at the rate of one and one-half times the regular rate."  *Wong v. Hunda Glass Corp.,* No. 09-CV-4402 (RLE), 2010 WL 2541698, at *2 (S.D.N.Y. June 23, 2010) (citing 29 U.S.C. §§ 207(a)(1)); *see Jaramillo v. Banana King Rest. Corp.,* No. 12-CV-5649 (NGG)(RML), 2014 WL 2993450, at *4 (E.D.N.Y. July 2, 2014 (citing 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs., tit. 12 § 146-1.4)).  In order to establish liability under the FLSA or NYLL for overtime pay, an employee must prove that he performed work for which he was not properly compensated.  *See Rivera v. Ndola Pharmacy Corp.,* 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007); *see also Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011).  Here, plaintiff has sufficiently alleged claims against defendants for unpaid overtime under the FLSA and NYLL.  Compl. ¶¶ 31, 47-57.  Thus, plaintiff is entitled to recover his unpaid overtime compensation.

overtime compensation, (ii) violation of the notice and recordkeeping requirements,[2] and (iii) violation of the wage statement requirements.[3] Compl. ¶¶ 47-63, DE 1.

Accordingly, the undersigned respectfully recommends that plaintiff's motion for entry of default judgment against defendants[4] be granted.

**Damages:**

"Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages." *Finkel*, 577 F.3d at 83. To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Natale v. Country Ford Ltd.*, No. CV 10-4128 (ADS) (GRB), 2014 WL 4537501, at *4 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence alone, "as long as [the court has] ensured that there was a basis for the damages specified in [the] default judgment." *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *see*

---

[2] The Wage Theft Prevention Act ("WPTA") went into effect on April 9, 2011. The Act was passed by the legislature in an effort to provide employees with more rights and remedies against employers who violate the NYLL. *See Copper v. Cavalry Staffing, LLC,* 132 F. Supp. 3d 460, 466 (E.D.N.Y. 2015) (citations omitted). Section 195 of the NYLL, as amended by the act, requires that "every employer shall provide their employees, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer a notice containing information about rates of pay." *Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *4 (E.D.N.Y. 2015) (quoting N.Y. Lab. Law § 195(1)(a)). On December 29, 2014, the statute changed to only require the employer to furnish such notice at the time of hire. *Guaman*, 2015 WL 3620364, at *4 n.5. Plaintiff has alleged that defendants failed to post such notice. Compl. ¶ 32. As such, the undersigned respectfully recommends the defendants be found liable for failure to provide wage notices pursuant to the NYLL.

[3] The WPTA similarly expanded the protection given to employees under Section 195(3) of the NYLL. *See Copper*, 132 F. Supp. 3d at 466. That section, as amended by the WPTA, requires that all employers must "furnish each employee with a statement with every payment of wages . . . ." N.Y. Lab. Law § 195(3). "For all employees who are not exempt from overtime compensation . . . the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." *Id*.; *see also Guaman,* 2015 WL 3620364, at *5. Plaintiff has alleged that defendants failed to provide wage statements to the plaintiff. Compl. ¶ 62. As such, the undersigned respectfully recommends the defendants be found liable for failure to provide wage statements pursuant to the NYLL.

[4] Plaintiff has sufficiently alleged that defendants P.M.F. Steel Corp., Helder Cardoso and Maria G. Martins were his employers for purposes of the FLSA and the NYLL. *See* Compl. ¶¶ 9-26, DE 1. As such, each defendant is jointly and severally liable under the FLSA and NYLL for any damages award made in plaintiff's favor. *See Pineda v. Masonry Constr., Inc.,* 831 F. Supp. 2d 666, 685 (S.D.N.Y. 2011) (allegations that an individual defendant "was an owner, partner, or manager," coupled with his default, was sufficient to quality him as an FLSA and a NYLL employer, and to impose joint and several liability with corporate defendant for wage law violation); *see also Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011). Accordingly, the undersigned respectfully recommends that defendants be jointly and severally liable for any damages awarded in plaintiff's favor.

*Chen v. JP Standard Constr. Corp.,* No. 14-CV-1086 (MKB), 2016 WL 2909966, at *8 (E.D.N.Y. Mar. 18, 2016), *adopted by,* 2016 WL 2758272 (E.D.N.Y. May 12, 2016). While a party seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must "ensure there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Avelar v. Ed Quiros, Inc.,* No. 13-CV-7017 (ADS)(GRB), 2015 WL 1247102, at *5 (E.D.N.Y. Mar. 18, 2015); *see Rodriguez,* 784 F. Supp. 2d at 125.

"A plaintiff must therefore substantiate a claim with evidence to prove the extent of damages." *Belizaire v. RAV Investigative and Sec. Servs. LTD.,* No. 12-CV-8268 (JPO), 2014 WL 6611560, at *6 (S.D.N.Y. Nov. 14, 2014) (citations omitted); *see Granados v. Gold Coast Tennis, Inc.,* No. 12-CV-4016 (JFB), 2013 WL 3766582, at *3 (E.D.N.Y. July 16, 2013) ("To obtain damages related to a default judgment, a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation") (internal quotation marks and citation omitted). "If a plaintiff fails to demonstrate its damages to a reasonable certainty, then the court should decline to award any damages, even where liability has been established through default." *Belizaire,* 2014 WL 6611560, at *6 (citations omitted).

An employee seeking damages for unpaid minimum wages and overtime compensation under the FLSA or the NYLL bears "the burden of proving that the defendant did not adequately compensate the employee." *Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, No. 12-CV-5737 (ILG)(JMA), 2014 WL 4954629, at *3 (E.D.N.Y. Oct. 2, 2014) (citation omitted). Under both federal and state law, an employer must "make, keep, and preserve" records of its employees' wages and employment conditions. 29 U.S.C. § 211(c); *see* N.Y. Lab. Law, § 196-a(a). "However, if an employer fails to keep or produce records, the plaintiff may satisfy [his or] her burden by producing sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference." *Carrasco-Flores*, 2014 WL 4954629, at *3 (internal quotation marks and citation omitted); *see Anderson v. Mt. Clemens Pottery,* 328 U.S. 680, 687-88 (1946); *see also Reich v. Southern New England Telecomms. Corp.,* 121 F.3d 58, 66 (2d Cir. 1997). Under these circumstances, an employee may satisfy this evidentiary burden by relying on the employee's recollection and estimates of hours worked. *Santillan v. Henao,* 822 F. Supp. 2d 284, 293-94 (E.D.N.Y. 2011); *see also Becerra v. Well Maid Cleaning Enters., Inc.,* No. CV-14-3147 (JFB)(AYS), 2015 WL 5009274, at *8 (E.D.N.Y. Aug. 21, 2015) (holding that while plaintiff need not "have a clear recollection of each days' work, [she] must do more . . . than state only her general approximation of having worked exactly the same number of hours, with no time off, for a year). Where, as here, the defendant employers have defaulted, the plaintiff employee's "recollection and estimates of hours worked are presumed to be correct." *Id*. (citation omitted); *see Gunawan,* 897 F. Supp.2d at 83-84 (same). Because defendants have defaulted, depriving plaintiff of the necessary employment records and hampering plaintiff's ability to prove his damages, plaintiff's recollection and estimates regarding his employment will be credited and damages will be calculated on that basis.

Plaintiff, however, has failed to submit any evidence to show the amount and extent of the work he performed as a matter of just and reasonable inference. For example, plaintiff has not submitted (i) an affidavit and other documentation in support of his claim for damages; (ii) a statement of damages, including a detailed calculation, clearly setting forth the specific amounts that are sought with supporting detail; or (iii) a memorandum of law addressing the factual and legal basis for the relief sought for each cause of action with appropriate references to statutory and other legal authority. The only submission proffered by plaintiff is a Declaration by plaintiff's attorney which provides few facts or allegations not contained in the complaint. Given that no documentary evidence or affidavits on the issue of damages has been submitted, plaintiff has not provided a basis for a damages award.

Accordingly, the undersigned recommends that the request for an award of damages be denied, with leave to renew consistent with this report.

*Objections*

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown											February 21, 2018

GARY R. BROWN, United States Magistrate Judge							Date